IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Richard Spurling, III,<br><br>             Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Respondents. | No. CV-15-8132-PCT-DLR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

Petitioner Robert Richard Spurling, III has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.  SUMMARY OF CONCLUSION**

Petitioner raises four grounds for relief in his timely Petition. Petitioner's claims are either procedurally barred or lack merit. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II.  BACKGROUND**

    **a.  Facts of the Crimes**

The Arizona Court of Appeals summarized the following facts and procedural

history:[1]

> The evidence at the grand jury hearing was presented by Detective Larry Thomas, who was involved in the initial investigation. Count 1 was alleged to have occurred on or about May 30, 2008, and involved an incident wherein Appellant was accused of inappropriately touching S.L. at a soccer game. Count 3 was alleged to have occurred on or about June 1, 2008, and involved an incident wherein Appellant was accused of "kneeling on [S.L.'s] bed" and rubbing S.L.'s vaginal area over her clothing on at least three separate occasions. Count 5 was alleged to have occurred on or about July 1, 2008, and involved an incident wherein Appellant was accused of rubbing S.L.'s vaginal area over her clothing while they were watching a movie together on the couch. Count 6 was alleged to have occurred on or about July 21, 2008, and involved an incident wherein Appellant was accused of rubbing K.F.'s vaginal area over her clothing on two separate occasions while they were watching a movie. Count 7 was alleged to have occurred on or around July 22, 2008, and involved an incident wherein Appellant was accused of entering S.L.'s bedroom, placing a puppy on K.F.'s lap, and rubbing K.F.'s vaginal area over her clothes. Count 8 was also alleged to have occurred on or around July 22, 2008, and involved an incident wherein Appellant was accused of entering S.L.'s bedroom, placing S.L.'s baby brother on K.F.'s lap, and rubbing K.F.'s vaginal area over her clothes.
>
> The testimony at trial differed in several respects from the detective's summary at the grand jury hearing. In regards to Count 3, S.L. testified that she had been molested while sleeping on a mattress in the living room and that the molestation occurred "every night," not just on three occasions. In regards to Count 5, S.L. never testified that Appellant touched her on the couch while they were watching a movie, but she did testify that she had been touched on at least two other specific occasions (besides the occasion described in Count 3) while sleeping in the living room. In regards to Count 6, K.F. testified that Appellant touched her vaginal area three times during the movie. In regards to Counts 7 and 8, K.F. testified that Appellant touched her vaginal area "one, two, or three" times, but only testified to one specific act of touching that day. Appellant objected to these inconsistencies during oral argument, stating that they were at odds with the facts upon which the indictment was based. The court subsequently granted the State's motion to amend Count 7 so that it was alleged to have occurred on or about July 21, 2008, rather than July 22, 2008. Appellant testified on his own behalf, in which he repeatedly denied

---

[1] The Arizona Court of Appeals' recitation of the facts is presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that statement of facts in state appellate court's opinion should not be afforded the presumption of correctness).

> ever touching S.L. or K.F. inappropriately, or if he did, that such touches were unintentional.
>
> …
>
> The jury found Appellant guilty on Counts 3, 5, 6, 7, and 8 and not guilty on Count 1. Appellant submitted a motion for a new trial on September 4, 2009. After oral argument, the court considered Appellant's request for a new trial and allowed Appellant to file a brief concerning the issue of "additional acts not charged/but testified to at trial." The court subsequently denied the motion for new trial, finding "that the difference between testimony at the Grand Jury and the testimony of the victims at trial does not amount to grounds for a new trial." The court also held that Appellant had notice that the victims may testify to more acts than testified to before the grand jury and suggested that Appellant was not prejudiced because Appellant's defenses to all of the charges were the same. Appellant was sentenced to a total of thirty-four years' imprisonment-serving concurrent 17 year sentences for Counts 3 and 5 consecutively to concurrent 17 year sentences for Counts 6, 7, and 8.

*State v. Spurling*, No. 1 CA-CR 09-0939, 2011 WL 662629, at *2 (Ariz. Ct. App. Feb. 24, 2011).

### b. Direct Appeal

On October 9, 2009, Petitioner filed a notice of appeal.2 (Doc. 15, Ex. EEE, at 142.) On February 24, 2011, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences in Counts 3, 6, 7, and 8, but reversed the conviction for Count 5. *State v. Spurling*, 2011 WL 662629, at *2.

On July 18, 2011, Petitioner filed a petition for review in the Arizona Supreme Court. (Doc. 15, Ex. AAA, at 34.) On December 7, 2011, the Arizona Supreme Court denied review. (Doc. 15, Ex. CCC, at 125.)

### c. Petitioner's Post-Conviction Relief Proceeding

On December 11, 2011, Petitioner filed a notice of PCR relief. (Doc. 15-1, KKK,

---

[2] On March 19, 2010, Petitioner submitted, to the trial court, a *pro se* request for DNA testing. (Doc. 15, Ex. DDD, at 127.) On May 13, 2010, Petitioner's appellate counsel requested the motion be held in "abeyance" and advised that if "subsequently appointed PCR counsel wishes to litigated Defendant's motion, he/she may do so following notification to this Court and State's counsel." (Doc. 15, Ex. III, at 167.) The trial court granted the request (Doc. 15, Ex. JJJ, at 170), and no further action was taken by Petitioner regarding the motion.

- 3 -

at 2.) On April 23, 2012, Petitioner, through counsel, filed a PCR petition. (Doc. 15-1, Ex. MMM, at 11.) On September 20, 2012, the trial court held an evidentiary hearing and subsequently denied Petitioner's petition for PCR on the merits. (Doc. 15-1, Ex. PPP, at 53.)

On December 21, 2012, Petitioner filed for review with the Arizona Court of Appeals. (Doc. 15-1, Ex. RRR, at 138.) On April 7, 2015, the court granted review but denied relief. *State v. Spurling*, No. 1 CA-CR 12-0788 PRPC, 2015 WL 1542932, at *1 (Ariz. Ct. App. Apr. 7, 2015). On October 8, 2015, the Arizona Supreme Court denied review. (Doc. 15-1, Ex. WWW, at 209.)

### d. Petitioner's Federal Habeas Petition

On July 24, 2015, Petitioner filed this habeas petition. (Doc. 1.) On November 23, 2015, Respondents filed an Answer to the Petition. (Doc. 14.) On January 21, 2016, Petitioner filed a Reply. (Doc. 18.) Petitioner raises four grounds for relief:

1. Petitioner "was convicted of crimes not charged by the grand jury" related to Counts 3, 5, and 7.

2. Counts 3, 6, 7, and 8 of the indictment were duplicitous, other acts were introduced at trial, and "there was no testimony relat[ed] to Count 3 at trial."

3. The State's denial of "post-conviction D.N.A. testing" was a violation of "due process."

4. Trial counsel was ineffective for failing to: investigate, play a tape-recorded jail call, and object to hearsay testimony. The prosecutor committed misconduct throughout trial. The judge improperly "explained a legal ruling and commented on Kelsey Freeman's testimony."

(Doc. 1 at 6-9.)

## III. THE PETITION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by

the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The Petition is timely.

### a. Procedural Default

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31–32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The Court may review the merits of an argument in the interest of judicial economy. *See Lambrix v. Singletary*, 520 U.S. 518, 524–25 (1997) (explaining that the court may bypass the procedural default issue in the interest of judicial economy when the merits are clear but the procedural default issues are not).

### b. Merits Review

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a

decision which was contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Davis v. Ayala*, 135 S.Ct. 2187, 2198-99 (2015); *Musladin v. Lamarque*, 555 F.3d 834, 838 (9th Cir. 2009). The AEDPA requires that the habeas court review the "last reasoned decision" from the state court, "which means that when the final state court decision contains no reasoning, we may look to the last decision from the state court that provides a reasoned explanation of the issue." *Murray v. Schriro*, 746 F.3d 418, 441 (9th Cir. 2014) (quoting *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000)).

> Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

*White v. Woodall*, 134 S.Ct. 1697, 1702 (2014) (internal citations and quotations omitted). *See also Arrendondo v. Neven*, 763 F.3d 1122, 1133-34 (9th Cir. 2014).

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fair minded disagreement." *Harrington v. Richter*, [] 131 S.Ct. 770, 786–787, [] (2011). "If this standard is difficult to meet"—and it is—"that is because it was meant to be." [] 131 S.Ct., at 786. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy. *Id.*, at ——, 131 S.Ct., at 786 (internal quotation marks omitted).

*Burt v. Titlow*, 134 S.Ct. 10, 15-16 (2013).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law as stated in United States Supreme Court opinions, or if it confronts a

- 6 -

set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005).

A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. *See McNeal v. Adams*, 623 F.3d 1283, 1287–88 (9th Cir. 2010). The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000).  However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. *See, e.g.*, *Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010). An unreasonable application of law is different from an incorrect one. *See Renico*, 130 S. Ct. at 1862; *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005).  "That test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." *Adamson v. Cathel*, 633 F.3d 248, 255–56 (3d Cir. 2011).  *See also Howard v. Clark*, 608 F.3d 563, 567–68 (9th Cir. 2010).

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Brumfield v. Cain*, 135 S.Ct. 2269, 2277 (2015). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." *Sumner v. Mata*, 455 U.S. 591, 593 (1982). *See also Phillips v. Ornoski*, 673 F.3d 1168, 1202 n.13 (9th Cir. 2012).

Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v.*

*Pinholster*, 131 S. Ct. 1388, 1398 (2011). *See also Murray*, 745 F.3d at 998. Pursuant to section 2254(d)(2), the "unreasonable determination" clause, "a state-court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt*, 134 S.Ct. at 15 (internal quotation marks and citation omitted) (quoted by *Clark v. Arnold*, 769 F.3d 711, 724-25 (9th Cir. 2014)).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the AEDPA otherwise requires. *See Lafler*, 132 S. Ct. 1389-90; *Panetti v. Quarterman*, 551 U.S. 930, 953–54 (2007). Additionally, the petitioner must show the error was not harmless: "For reasons of finality, comity, and federalism, habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 135 S.Ct. 2187, 2197 (2015) (internal quotations omitted).

**IV.   DISCUSSION**

    **a.  Ground One**

Petitioner asserts that he "was convicted of crimes not charged by the Grand Jury" regarding Counts 3, 5, and 7. (Doc. 1 at 6.) Count 5 was reversed by the Arizona Court of Appeals, so Petitioner's claim regarding Count 5 is moot.

On direct appeal, Petitioner argued "that the inconsistencies between the grand jury and trial testimony led to his being convicted of crimes different than those for which he was indicted" in Counts 3, 5, and 7. *State v. Spurling*, 2011 WL 662629, at *3. He argued "that the indictment failed to give him notice of the nature of the offenses for which he was being charged in Counts 3, 5, and 7 and, therefore, he was unable to prepare adequate defenses." (*Id.*) The Arizona Court of Appeals found:

> Count 3 of the indictment related to an incident that took place when Appellant molested S.L. while she slept.

> Appellant argues that Count 3 was limited to an incident occurring in S.L.'s bedroom, and that no testimony relating to such an incident was presented at trial. Appellant incorrectly reads the grand jury statements. Detective Thomas testified that the incident in Count 3 occurred while Appellant was "kneeling on her bed." At trial, S.L. testified she had been molested while she slept on her bed that had been placed on the living room floor. Neither the grand jury nor the trial testimony constrained the acts described in Count 3 to taking place in the bedroom. Accordingly, we do not find that the Appellant lacked notice of the offense charged in Count 3 or that he was convicted of a crime for which he was not charged.
>
> Count 7 of the indictment related to an incident that took place on or about July 22, 2008 when Appellant molested K.F. in S.F.'s bedroom when he placed either S.L.'s dog or baby brother in K.F.'s lap. At trial, the State successfully amended Count 7 to reflect the incident occurred on or about July 21, 2008. Appellant argues that no testimony was presented at trial showing that Appellant touched K.F. while she was in S.L.'s bedroom, and that all testimony regarding July 21 pertained to incidents that occurred in S.F.'s living room. At trial, K.F. testified that Appellant had molested her at least three times while placing either the baby or the dog on her lap. She also testified that Appellant had touched her in the same manner up to three times on July 22, 2008. Even if the incidents testified to at trial did not occur in the bedroom, but rather, in the living room, Appellant has not compellingly demonstrated why the slight change of location caused him to lack sufficient notice of the crime charged in Count 7 or how the slightly differing testimony precluded him from adequately preparing a defense. Accordingly, we do not find that the Appellant lacked notice of the offense charged in Count 7 or that he was convicted of a crime for which he was not charged.

*Spurling,* 2011 WL 662629, at *2.

An indictment provides sufficient notice "if it, first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Petitioner has not established that the Court of Appeals' decision was contrary to, or an unreasonable application of clearly established Supreme Court law. Here, Petitioner does not establish, as he alleges, that he was "convicted without adequate notice of the charges against him." (Doc. 1 at 6.) As the Arizona Court of Appeals found, the grand jury

transcript documents the victim's testimony regarding the facts of Count 3. (Doc. 14-3, Ex. C, at 84.) Similarly, the grand jury transcript describes the allegation that relates to Count 7. (Doc. 14-3, Ex. C, at 87.) The slight variance regarding the location of the molestation (bedroom vs. living room) is insufficient to establish that Petitioner was unable to defend against Count 7. *See United States v. Antonakeas*, 255 F.3d 714, 722 (9th Cir. 2001) (no fatal variance where the evidence at trial covered the facts and time frame alleged in indictment); *Arnold v. United States*, 336 F.2d 347, 352 (9th Cir. 1964) (variance not material where "allegation and proof substantially correspond, where the variance is not of the character that could have misled the defendant at the trial, and where the variance is not such as to deprive the accused of his right to be protected against another prosecution for the same offense").

Ground One specifically asserts an Indictment defect related to Counts 3, 5, and 7. Assuming arguendo that Petitioner is raising additional claims in the fact section of his Petition, the Court agrees with Respondents that Petitioner has not exhausted these claims. Petitioner states that: "Insufficiencies of the indictment caused pervasive confusion and prejudiced Petitioner throughout the case. The province of the jury cannot therefore be relied on to support the remaining convictions." (Doc. 1 at 6.) In his direct appeal, Petitioner did not argue that a defect in Count 5 should result in a dismissal of all counts, but instead argued Counts 3 and 5 be dismissed. (Doc. 1-1 at 8.) Similarly, Petitioner did not assert in the state courts that the Indictment generally "was invalid on its face" or "bestow jurisdiction upon the Superior Court." (Doc. 1 at 6.) Additional arguments contained in Ground One are procedurally defaulted, and Petitioner offers no grounds to excuse the default.

Petitioner has not demonstrated that the Arizona Court of Appeals' conclusion regarding the sufficiency of the indictment was objectively unreasonable. The Court finds that Petitioner has failed to satisfy the standard for habeas relief on his claim in Ground One, and the Court will recommend that it be denied.

### b. Ground Two

Petitioner alleges that "Counts 3, 6, 7, and 8 of the indictment were duplicitous," other acts were introduced at trial, and "there was no testimony relat[ed] to Count 3 at trial." Petitioner raised the duplicity claim on direct appeal, and the Arizona Court of Appeals found:

> Appellant contends that the indictment for Counts 3, 6, 7, and 8 was duplicitous because it improperly charged him of committing one or more incidents of molestation in each count . . . .
>
> Pursuant to Arizona Rules of Criminal Procedure 13.5(e) and 16.1, perceived defects in an indictment must be challenged no later than twenty days prior to the trial, or else the objection is precluded unless the defect was unknown and incapable of being known at the time the objection needed to be made. By Appellant's own admission, the statements giving rise to a potentially duplicitous indictment are found in the grand jury transcript. Appellant does not argue, nor can he, that he was unaware of the potential defects in the indictment at the time he was required to object. Because Appellant failed to timely object to the indictment, he is precluded from doing so on appeal . . . .
>
> Further, we cannot find that there was any error stemming from either the indictment or the evidence at trial, let alone fundamental error, which prejudiced Appellant. . . . We reject Appellant's argument that the indictment resulted in a failure to give notice of the crimes being charged for the same reasons as discussed in section I of this decision. As for the unanimity issue, we note that the court instructed the jury on several occasions that their verdict must be unanimous.

*Spurling*, 2011 WL 662629, at \*2.

The Arizona courts found Petitioner waived his right to bring this claim under Arizona Rules of Criminal Procedure 13.5(e) and 16.1. Petitioner's claim is barred on habeas review because it was decided on adequate and independent state grounds. "Arizona's waiver rules are independent and adequate bases for denying relief." *Hurles v. Ryan,* 752 F.3d 768, 778 (9th Cir. 2014). *See also Stewart v. Smith*, 536 U.S. 856, 861 (2002) (finding Arizona's waiver rule is independent of federal law); *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Arizona waiver rule consistently and regularly applied). Accordingly, the undersigned concludes that Ground Two was procedurally

barred on an independent and adequate state ground.[3]

Petitioner also argues that "other bad acts were brought up at trial with no evidence and not indicted on . . . ." (Doc. 1 at 7.) The Arizona Court of Appeals determined that:

> We need not consider any issues relating to the admission of additional acts at trial as Appellant confines all arguments in this appeal to challenging the indictment itself. Although Appellant complains of the testimony at trial, Appellant does not submit any argument or authority on appeal relating specifically to either the judge's admission of additional acts or the State's reliance on Arizona Rules of Evidence 404(c) to justify the admission of such acts. We conclude, therefore, that Appellant has abandoned or waived any argument on these issues.

*Spurling*, 2011 WL 662629, at *5.

Petitioner did not challenge the admission of other act evidence on direct appeal. The failure to fairly present this ground has resulted in procedural default because Petitioner is now barred from returning to state courts. *See* Ariz. R. Crim. P. 32.2(a), 32.4(a). *See also Coleman*, 501 U.S. at 735 n. 1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas."). Petitioner offers no grounds to excuse the procedural default by a showing of cause and prejudice, and does not establish actual innocence.

Petitioner's claim that "there was no testimony relat[ed] to Count 3 at trial" is meritless. "In regards to Count 3, S.L. testified that she had been molested while sleeping on a mattress in the living room and that the molestation occurred 'every night,' not just on three occasions." *Spurling*, 2011 WL 662629, at *1. In Ground Two, Petitioner acknowledges that S.L. testified regarding Count 3 when he claims that her testimony

---

[3] In his Reply, Petitioner adds that the Indictment was also multiplicitous. (Doc. 18 at 2.) Petitioner contends "that since Count 5 was overturned on appeal, Count 3 should also be overturned as they are multiplicitous." (*Id*.) This argument was not raised on direct appeal, and is procedurally defaulted. Also, a single offense was not charged in both Counts 3 and 5, and the reversal of Count 5 rendered any prejudice moot.

- 12 -

about "every night" was duplicitous. The Court finds that Petitioner has failed to satisfy the standard for habeas relief on his claim in Ground Two and the Court will recommend that it be denied.

### c. Ground Three

Petitioner alleges that the failure to conduct post-conviction DNA testing is a denial of due process. (Doc. 1 at 8.) Petitioner asserts that he "requested additional DNA testing," which "the State denied." (*Id*.) On March 19, 2010, Petitioner submitted, to the trial court, a *pro se* request for DNA testing. (Doc. 15, Ex. DDD, at 127.) But Petitioner's appellate counsel requested the motion be held in "abeyance" (Doc. 15, Ex. III, at 167) and the trial court granted the request (Doc. 15, Ex. JJJ, at 170). Subsequently, Petitioner did not request post-conviction DNA testing. The State did not "deny" Petitioner's request for post-conviction testing.

Petitioner's claim regarding DNA testing is also unexhausted and procedurally defaulted. Petitioner did not raise this issue on direct appeal (Doc. 14-9, Ex. UU, at 160) or in his motion for post-conviction relief (Doc. 15-1, Ex. MMM, at 11). Petitioner offers no grounds to excuse the procedural default by a showing of cause and prejudice, and does not argue or demonstrate actual innocence as an exception to the procedural default rule. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

### d. Ground Four

Petitioner alleges trial counsel was ineffective for failing to "investigate," play tape-recorded jail calls, and object to hearsay testimony. (Doc. 1 at 9.) Petitioner also claims the prosecutor "prejudiced the defendant" in opening statement, direct testimony (introduction of lay opinion testimony), cross-examination, and closing argument. (*Id*.) Petitioner further argues the judge improperly "explained a legal ruling and commented on Kelsey Freeman's testimony." (*Id*.)

Generally, claims of ineffective assistance of counsel are analyzed pursuant to

*Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Petitioner must show: (1) deficient performance—counsel's representation fell below the objective standard for reasonableness; and (2) prejudice—there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 687–88. Although a petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id*. at 697. Petitioner bears the burden of affirmatively showing counsel's conduct was "outside the wide range of professionally competent assistance, and that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687–90. Petitioner must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. *See United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1996).

### i. Failure to Investigate and Failure to Play Recorded Jail Calls

Petitioner asserts counsel was ineffective for "[failure] to investigate, [failure] to play tape recorded jail house calls (couldn't get machine to work). . . ." (Doc. 1 at 9.) Petitioner offers nothing more regarding these claims. These claims were not raised in Petitioner's direct appeal (Doc. 1 at 12) or PCR petition (Doc. 15-1 at 11). Petitioner does not describe the failure to investigate or provide information regarding the jails calls that were not played. Petitioner's claims fail because "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Petitioner's claims are also unexhausted and procedurally defaulted.

### ii. Failure to Object to Hearsay Testimony

Petitioner asserts counsel was ineffective for "[failure] to object to hearsay testimony. . . ." (Doc. 1 at 9.) Petitioner offers nothing more regarding this claim in his Petition or Reply. Petitioner does not identify which statements counsel should have objected to, and how he was prejudiced from that failure. As noted above, "[c]onclusory allegations" not supported by "specific facts do not warrant habeas relief." *Greenway v.*

*Schriro*, 653 F.3d 790, 804 (9th Cir. 2011).

Petitioner did not argue this issue in his direct appeal, but did raise hearsay claims in his PCR petition. Petitioner raised his claims as violations of state law. Petitioner's claim also fails because he failed to fairly present his claims as a violation of federal law in state court. Additionally, the trial court denied Petitioner's claims, and the Arizona Court of Appeals granted review but denied relief (Doc 15-1, Ex. UUU, at 192). When analyzing ineffective assistance of counsel claims, the Court must be doubly deferential when the state court reviewed a claim because counsel is presumed to have rendered adequate assistance. *Pinholster*, 563 U.S. at 190. Here, Petitioner failed to argue how the Arizona courts' determinations were an unreasonable determination of the facts or an unreasonable application of *Strickland*. Habeas relief on this claim is precluded.

### iii. Prosecutorial Misconduct

Petitioner asserts "the prosecutor on numerous accounts prejudiced the defendant in opening statements, improper cross-examination, insinuation not supported by evidence, improper lay opinion and improper statements during closing argument (refer to Petition for Post Conviction Relief)." (Doc. 1 at 9.) Petitioner asks the Court to incorporate the arguments presented in his PCR petition, but he fails argue how the Arizona courts' determinations (denying his claims) were an unreasonable determination of the facts or an unreasonable application of *Strickland*. Petitioner's failure to present these arguments precludes relief. *See United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) ("We have cautioned that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived, and that it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation and internal quotation marks omitted).

A review of Petitioner's PCR ineffective assistance of counsel claims alternatively

demonstrates he is not entitled to habeas relief for the reasons described below.[4] In his Petition for Review before the Arizona Court of Appeals, Petitioner argued that counsel was ineffective for "Failure to Object to Prosecutorial Misconduct." (Doc. 15-1, Ex. RRR, at 155.) The court granted review and denied relief after reviewing the merits of Petitioner's ineffective assistance claims.

Petitioner argued before the trial court that the prosecutor's "mini-opening" statements prior to voir dire "went well beyond proper opening statement and were designed to play on the sympathies of the jury." (Doc. 15-1, Ex. MMM, at 22.) Counsel objected to the "argument" on two occasions, so counsel was not ineffective for failing to object. Petitioner also did not further raise this claim to the Arizona Court of Appeals, so it is procedurally defaulted.

Petitioner argues that counsel was ineffective for allowing improper cross-examination. The Arizona Court of Appeals found that because "counsel objected to the sole question Spurling identifies as objectionable, we deny relief on this issue. Although Spurling complains his counsel made no further objections to alleged hearsay during the remainder of the cross-examination, he does not identify the objectionable testimony. He has therefore failed to provide sufficient argument to support these additional claims." *Spurling*, 2015 WL 1542932, at *2. Petitioner similarly fails to identify objectionable testimony in his Petition.

Petitioner asserts counsel was ineffective for not objecting when the prosecutor asked Petitioner if everyone was lying except for Petitioner. (Doc. 1 at 9.) The Arizona Court of Appeals denied this claim. "Spurling testified that several witnesses were lying and implied other witnesses were lying. Under these circumstances, we conclude that the trial court did not abuse its discretion when it denied relief on this issue." *Spurling*, 2015 WL 1542932, at *2. "It's black letter law that a prosecutor may not ask a defendant to

---

[4] Any claim here by Petitioner regarding the substantive claim of prosecutorial misconduct is procedurally defaulted and not alternatively reviewed by the Court. Petitioner did not raise, and was precluded from raising, a substantive claim on PCR review. Rule 32.2 of the Arizona Rules of Criminal Procedure precludes a defendant from post-conviction relief based upon any ground raisable on direct appeal.

- 16 -

comment on the truthfulness of another witness…." *United States v. Harrison*, 585 F.3d 1155, 1158 (9th Cir. 2009) (citation omitted). But Petitioner's testimony that other witnesses lied could open the door to cross-examination on the topic. *See United States v. Sine*, 493 F.3d 1021,1037 (9th Cir. 2007) ("As we have explained, the 'opening the door' principle allows parties to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission.") (citation and quotations omitted).

Petitioner asserts ineffective assistance related to failures regarding lay opinion testimony, "insinuation not supported by evidence," and "improper statements during closing argument." (Doc. 1 at 9.) The Arizona Court of Appeals denied review of those claims because "Spurling did not raise those issues in the petition for post-conviction relief he filed with the trial court." *Spurling*, 2015 WL 1542932, at *2. Petitioner's claims are procedurally barred where the state court found the claim barred on state procedural grounds. "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). *See also Beard v. Kindler*, 558 U.S. 53, 59 (2009). Here, federal habeas corpus review is precluded because the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

In sum, Petitioner is not entitled to relief on this claim.

### iv. Judicial Bias

Petitioner asserts the "judge deprived defendant of fair trial by not being impartial and free of bias where he explained legal ruling and commented on Kelsey Freeman's testimony is a clear violation of due process." (Doc. 1 at 9.) During Petitioner's closing argument, the prosecutor objected that counsel was arguing facts not in evidence. The trial court told the jury that the court did not recall the testimony and told the jurors to

rely on their memory.[5] The Arizona Court of Appeals denied relief "because the court's statement was not an objectionable comment on the evidence." *Spurling*, 2015 WL 1542932, at *4.

The determination of judicial bias is a factual question to which the federal courts defer on habeas review. *See* 28 U.S.C. § 2254(d); *Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir. 1997) (stating that state court's finding of lack of judicial bias was entitled to a presumption of correctness). The Supreme Court has stated that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The record fails to demonstrate any bias. Petitioner's claim is meritless.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are timely, but either fail on the merits or are procedurally barred. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

---

[5] The court told the jury: "Well, Ladies and Gentlemen of the Jury, there's been an objection to that statement. I'm going to leave that up to you. Quite frankly, I don't remember that testimony, and so I can't really rule on that. You're going to have to rely on your individual memories in regards to what counsel just stated." *Spurling*, 2015 WL 1542932, at *4.

leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of May, 2016.

Honorable John Z. Boyle
United States Magistrate Judge